No. 17,506.

## PILLARS *v.* McCONNELL.

TRUST.—*Guardian Purchasing Land with Ward's Money.—Resulting or Constructive.*—Where a guardian purchases land with money belonging to his ward, and takes the title thereto in his own name, a resulting or constructive trust is thereby created in favor of the ward.

SAME.—*Ward Must Show Purchase to Have Been With His Funds.*—If the ward seek to establish such trust, he must clearly and distinctively show that the purchase of the real estate in controversy was made in whole or in part with the trust funds.

From the Adams Circuit Court.

*S. Peterson* and *C. J. Lutz*, for appellant.

*J. T. France* and *J. T. Merryman*, for appellee.

JORDAN, J.—Action by appellant in the lower court to enforce a resulting trust in certain described real estate. The only error presented by the assignment, and argued by appellant, is upon the action of the court in over-ruling her motion for a new trial, the contention being that the decision of the court is not sustained by the evidence, and that the decision is contrary to law.

The following appears to be a correct summary of the essential facts set up in the complaint:

"That in the year 1870, while appellant was an infant of tender years, the sum of $293.11, being her share of the proceeds of certain real estate sold by a commissioner, came into the hands of her guardian, one John McConnell, who received and held the same in his capacity as guardian; that upon the receipt of said money said guardian commingled the same with his own money, and with this money purchased the real estate in controversy, part of the purchase-price thereof being paid out of said trust fund; that said guardian

took the deed for said lands in his own name, and continued to hold the same as his own until the date of his death, to wit, January 28, 1875; that an administrator of the estate of McConnell was appointed. Two-thirds of the real estate in question were sold by him to pay debts, upon the order of the probate court, to appellee who was the widow of the decedent, the remaining one-third being set off to her under the statute as such widow.

"The estate was finally settled as insolvent, and no steps were taken in any way looking to the payment or settlement of the amount due from said McConnell to appellant by virtue of his said trust; that during all of said time appellant was an infant, and that she has never been paid said money by her said guardian or by any other party; that appellee, when she purchased said real estate, had full knowledge of the trust existing against the same."

Issues were joined by an answer in denial and by way of set-off. A trial resulted in a judgment for appellee. It is apparent from these alleged facts, that the theory of the complaint is to enforce a resulting or constructive trust against the land held by appellee.

We must therefore presume that it was upon this theory that the action was tried and determined in the trial court, and from this the parties will not be permitted to depart on appeal to this court. *Jones* v. *Cullen*, 40 N. E. Rep. 124, and cases therein cited.

It is a well settled rule of the law that where a guardian purchases land with the money belonging to his ward, and takes the title thereto in his own name, thereby a resulting or constructive trust is created in favor of the ward. *Ray* v. *Ferrell*, 127 Ind. 570, and cases cited. But the rule is also firmly settled that the party seeking to establish the trust must clearly and distinctively show that the purchase of the real estate in controversy was

made in whole or in part with the trust funds.  Pomeroy Eq. Jur., Vol. 2, section 1049 and section 1038; *Ferris* v. *VanVechten*, 73 N. Y. 113; Perry Trusts, vol. 2, sections 828, 836 and 842; vol. 1, section 137.

We have carefully read the evidence in the record, and it fails, in our judgment, to establish a trust as against the real estate in favor of appellant, for the reason, at least, that there is an absence of any facts showing that any part of the trust funds was used by the guardian in the purchase of the lands in question.

Again, if we could adjudge that a trust had been established in favor of appellant, the evidence would otherwise support the finding in favor of appellee upon her contention that she was a purchaser for value of the real estate, and had no knowledge, actual or constructive, of the trust at the time of the purchase.  Applying the principles laid down by the authorities cited, and to which we yield our approval, it follows that the decision of the trial court is fully sustained by the evidence.

Judgment affirmed, with cost.

Filed May 14, 1895; petition for rehearing overruled Sept. 18, 1895.