Filed November 6, 1895.

---

No. 1,676.

THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF. CALIFORNIA v. HOWELL.

ACCIDENT.—*Insurance.—Railroad Employe Struck by Cars While Walking Along the Track of Company Other than His Employer.— Clause in Policy Exempting Insurance Company.*—Recovery cannot be had for the death of a railroad employe struck by the cars, while walking along the track of a company other than his employer in returning to his home from his work, under a policy of accident insurance exempting the company from liability if the accident occurs while the insured is on a railroad roadbed, except in the case of an employe engaged in his prescribed duty as such.

From the Lawrence Circuit Court.

*F. M. Trissal*, for appellant.

*Crooke & Crooke*, for appellee.

Lotz, J.—This action was brought by the appellee against the appellant upon an accident insurance policy providing for the payment of one thousand dollars to the appellee in the event that Daniel Howell, the husband of appellee, should sustain violent and accidental injuries causing his death.   The issues joined were submitted to a jury for trial, and a general verdict in favor of appellee was returned, assessing the amount of her recovery in the sum of $1,000, upon which judgment was rendered.

The policy sued on contains a stipulation to the effect that the company should not be liable if the insured should meet with an accident while "being upon a railroad bridge, trestle or roadbed (railway officers and employes while engaged in their prescribed duties as such excepted)."

The undisputed evidence shows that the deceased met his death by being struck by the cars while walking upon the roadbed and track of the Louisville, New Albany and Chicago Railway ; that at the time of the accident he was not an officer or employe of that company, nor engaged in the discharge of his duties as such ; that prior to the accident he was in the employment of the Evansville and Richmond Railway Company and was returning to his home from his work, and was using the roadbed of first named company as his route home.

It is undeniably true that being upon bridges, trestles and roadbeds of a railroad is attended with more danger than being upon the ordinary highways.   It was this extra hazard that the contract excluded from the risk. It granted this privilege to the officers and employes of the railroad company, and to them only while engaged

in their prescribed duties as such. The undisputed facts of this case show that there was a clear violation of one of the express conditions of the policy by the insured, and there can be no recovery.

This result may work a hardship to the appellee, but courts cannot make contracts for parties. When they construe and enforce contracts their duties are done. It is doubtful whether the complaint states a cause of action.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and with leave to amend complaint.

