## BALTIMORE & OHIO SOUTHWESTERN RAILWAY COMPANY *v.* KLEESPIES.

[No. 5,611. Filed February 23, 1906. Rehearing denied June 19, 1906. Transfer denied December 11, 1906.]

1. PLEADING. — *Allegations.* — *General.—Specific.*—The specific, control the general allegations in a pleading. p. 156.

2. SAME.—*Complaint.—Railroads.—Backing Train over Railroad Crossing.—Negligence.*—A complaint showing that defendant railroad company backed its train over a railroad crossing while another train was crossing, the other train having the right of way, and while the signal which was in plain view showed that such other train had the right of way, states a cause of action in favor of a passenger of such other train, injured thereby. p. 157.

3. NEGLIGENCE. — *Separate Acts.* — *Joint Result.* — *Liability.* — Where two or more joint tort-feasors' acts, without concerted action, unite in producing damage, they are severally but not jointly liable therefor. p. 157.

4. SAME.—*Railroads.—Flagmen.—Joint Liability for Acts of.*— Separate railroad companies uniting to maintain a common system of signals and to employ a flagman at a common railroad crossing, are jointly liable for negligence in respect to their common undertakings. p. 157.

5. PLEADING. — *Complaint.* — *Negligence.* — *Proximate Cause.* — *Railroads.—Backing over Crossing.*—A complaint showing that defendant railroad company negligently backed its train over a railroad crossing which was occupied by another train and that the signal showed such other train had the right of way, shows that defendant's negligence was the proximate cause of the damage at such crossing. p. 158.

6. NEGLIGENCE.—*Proximate Cause.—*Negligence may be the proximate cause of an injury without being its sole or immediate cause. p. 159.

7. RAILROADS. — *Crossings.* — *Collisions.* — *Passengers.* —A passenger of one railroad company can maintain an action against another company for an injury resulting from a negligent collision at a railroad crossing, although his own company was also negligent. p. 159.

8. NEGLIGENCE.—*Proximate Cause.*—The proximate cause of an injury is such a cause as, without the intervention of an unforeseen independent cause, produces such injury, and without which such injury would not have occurred. p. 160.

Baltimore, etc., R. Co. *v.* Kleespies—39 Ind. App. 151.

9. APPEAL.—*Briefs.*—*Waiver.*—Only those points objected to and which objections are supported by argument, will be considered on appeal.  p. 160.

10. SAME.—*Instructions.*—*Joint Exceptions.*—Where the defendant excepted "to the action of the court in giving these instructions," the exception was joint and not well taken unless every one of such instructions was bad.  p. 160.

11. TRIAL.—*Instructions.*—*Railroads.*—*Crossings.*—*Backing over.* —An instruction that the jury should find for the plaintiff if they found that defendant railroad company negligently backed its train over the railroad crossing, causing plaintiff's injuries without his fault, is not incorrect, where the fact of the backing and plaintiff's freedom from fault were undisputed.  p. 161.

12. SAME.—*Instructions.*—*Railroads.*—*Contributory Negligence.* —An instruction, in a personal injury case, that if contributory negligence were proved, plaintiff would forfeit his right of recovery and that the burden of proving same was on defendant, is not objectionable.  p. 162.

13. SAME.—*Instructions.*—*Railroads.*—*Crossings.*—*Care Required.* —An instruction, in a personal injury case, that the "stop, look and listen" rule is as imperative upon a railroad company whose train is approaching a railroad crossing as upon a pedestrian approaching a highway crossing, where such company is running its train over a railroad crossing having no derailing device, and controlled by a flagman employed by both companies, and whose signals commanded defendant not to cross, is not erroneous.  p. 163.

14. RAILROADS.—*Collision.*—*Liability.*—Where a passenger of one railroad company is injured by a collision of his train with the train of another company, he may maintain his action against the negligent one, or both, if they are jointly negligent.  p. 164.

15. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed on appeal are waived.  p. 164.

16. SAME.—*Consideration of Appeals.*—Appeals to the higher courts are considered solely upon the record.  p. 164.

17. SAME.—*Joint Defendants.*—*Appeal by One.*—The Appellate Court cannot disturb a verdict for one defendant, in an appeal by the other, where the record presents no question as to the acquitted defendant.  p. 165.

18. RAILROADS. — *Negligence.*—*Injuries.*—*Fraud.*—Compelling a railroad company to pay damages for negligently backing its train against another train, thereby causing plaintiff, a passenger on such other train, to suffer a supra-cotyloid dislocation of his hip, confining him to his bed for three weeks and

rendering him unable to work for three months, does not constitute "a bold fraud," nor is such an injury "simulated."    p. 165.

19.   DAMAGES.—*Excessive.*—Where improper influences do not appear to have misled the jury, the damages assessed will not be considered excessive.    p. 166.

20.   APPEAL. — *Instructions.* — *Exceptions.* — *Statutes.* — Under §544a Burns 1905, Acts 1903, p. 338, §1, exceptions, orally taken to the instructions given, and afterward entered in the order-book, are reviewable on appeal, the giving of such instructions being assigned as reasons for a new trial.    p. 166.

21.   TRIAL. — *Instructions.* — *Defining Negligence.* — *Invasion of Province of Jury.*—An instruction that if the jury should find certain facts to exist, such facts would constitute negligence, is not an invasion of the province of the jury.    pp. 168, 169.

22.   SAME.—*Instructions.*—*How Considered.*—Instructions must be considered as an entirety and if they thus fairly present the case to the jury, they will not be held erroneous.    p. 169.

From Clark Circuit Court; *Jacob Herter,* Special Judge.

Action by Edward W. Kleespies against the Baltimore & Ohio Southwestern Railway Company. From a judgment on a verdict for plaintiff for $3,000, defendant appeals. *Affirmed.*

*Edward Barton* and *C. L. & H. E. Jewett,* for appellant. *James W. Fortune* and *M. Z. Stannard,* for appellee.

WILEY, J.—Action against appellant and the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company to recover damages for personal injuries sustained by appellee through their alleged negligence. A trial by jury resulted in a verdict in favor of appellee as against appellant, and in favor of its codefendant. Appellant's motion for a new trial was overruled, and judgment pronounced upon the verdict.

The Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, hereafter called the Pennsylvania company, is not made a party, but was served with notice of the appeal, and has filed a brief. Appellant's demurrer to the first and second paragraphs of the amended complaint was overruled, and such ruling, together with the overruling of the motion for a new trial, is relied upon for reversal.

Omitting the formal parts of the first paragraph of the amended complaint, it is averred that appellant owned and operated a line of railroad over and upon Broadway in the city of Jeffersonville, and that said street runs north and south; that the Pennsylvania company owned and operated a line of railroad over and along Sixth street in said city, and that the two railroads cross each other at the intersection of said two streets; that at said crossing the two railroad companies employed a flagman or watchman to signal their trains to stop and start on said streets as they approached the crossing before passing over the same, and for that purpose said flagman employed lights, targets, and a semaphore, owned and furnished by said companies; that it was the duty of both of said companies, their engineers, agents, etc., in charge of their trains, to obey said signals and conform to the same as displayed and given by the watchman, in running their trains at said crossing; that on January 18, 1904, appellee was a passenger upon one of the trains of the Pennsylvania company, and by reason thereof was entitled to ride thereon from the city of New Albany to the city of Jeffersonville; that he was on said train when it approached said crossing; that by displaying a red target light—it being 10 o'clock at night—the watchman signaled the train to stop west of the crossing until one of appellant's trains had crossed from the south; that the engineer, agents, etc., in charge of the train on which appellee was a passenger obeyed said signal, and stopped said train, until signaled by the flagman to pass over the crossing; that the train upon which he was riding carelessly attempted to pass over said crossing while appellant was attempting to back over the crossing from north to south, without first ascertaining that there was no other train or locomotive in sight approaching and about to pass over, which backing train the engineer of said Pennsylvania company's train could have seen, if he had looked, in time to avoid a collision; that after appellant's train had

passed over the crossing from south to north, the engineer, employes, etc., in charge of the same carelessly and negligently attempted to back said train over the crossing from north to south, without first ascertaining that there was no other train or locomotive in sight approaching and about to pass over the crossing—which passing train of the Pennsylvania company appellant's agents and employes in charge of its train could have seen if they had looked—and without first receiving the proper signal, which would have been the displaying of a white light by the flagman, to back their train over the crossing, and in violation of a red-light signal from the watchman, which so given warned appellant of the approach of a train on the track of the Pennsylvania company; that the last-named train was about to pass over said crossing, and had the right of way, and that appellant's train was to remain north of the crossing until signaled by the flagman, by his displaying a white light for it to cross; that, by the careless, negligent, and unlawful acts of said companies, said two trains collided with each other at the crossing; that the passenger-coach in which appellee was seated was struck with great force, throwing him from his seat between two other seats, by which his hip was dislocated, his back and side were bruised, and he was otherwise injured, etc.

The second paragraph of the amended complaint is very similar to the first, except that the charge of negligence is differently expressed, as shown by the following: "That at said crossing, on said date, said defendants, through and by their engineers, agents and employes, unlawfully, carelessly and negligently attempted to run their locomotives, with cars attached, upon and over said crossing, and in so attempting to pass over said crossing said trains, with locomotives and cars attached, ran into and upon each other with great force and violence, injuring the plaintiff as hereinafter mentioned; that said unlawful, careless, and negli-

gent acts of said defendants, and each of them, aforesaid, at said crossing, consisted in a failure on the part of said defendants, through and by their engineers, agents, and employes in charge of said trains, to stop and start their locomotives, with cars attached, in obedience to the signal or signals of their flagman or watchman at said crossing, before and as they approached the same; a failure on their part and on the part of each of them first to ascertain before passing over said crossing that there was no other train or locomotive in sight approaching and about to pass over said track and crossing or occupying the same, and a failure on their part and on the part of each of them to look and listen for the approach of a train of cars, with locomotive attached, at said crossing occupying the same or about to pass over the same."

The learned counsel for appellant suggest in a very able brief that the lower court overruled the demurrer because the complaint charged the negligent backing of appellant's train while the train of the Pennsylvania company was passing over the crossing. It is urged, however, that the complaint is bad, and the demurrer should have been sustained, because it appears by the specific statement of facts that there was no common purpose or unity of design on the part of the two railroad companies; that appellee's injury was not the natural consequence of appellant's negligence, and finally that the negligence of the Pennsylvania company was the proximate cause of the injury.

Counsel further argue that the trial court should have tested the complaint by the specific averments thereof, without reference to the general allegation of negligence against the appellant. The proposition of law, as stated by counsel, is correct, as declared by the authorities. *Scheiber* v. *United Tel. Co.* (1899), 153 Ind. 609.

The specific facts relating to the acts of appellant which are charged to be negligent are that it backed its train

against a passenger-train of the Pennsylvania company while the latter company, by the signal exhibited by the flagman, had the right of way, and by reason thereof was entitled to pass over the crossing, and that, when the signal for the Pennsylvania company's train to pass was exhibited, appellant's servants in charge of the backing train could have seen the signal if they had looked, and which signal conveyed to them the important information that the Pennsylvania company had the right of way, and was a warning to appellant's servants that they had no right, in the face of such signal, to back the train over the crossing.

These are the material facts upon which the complaint seeks to fasten negligence upon appellant, and, in our judgment, in this regard, make the complaint invulnerable to the attacks of the demurrer. Other objections urged to the complaint are, that as between the two railroad companies there was no concert or unity of action and common design, and "that parties whose independent acts unite to produce certain consequences are not jointly liable." In support of the latter proposition we are cited to the case of the *West Muncie Strawboard Co.* v. *Slack* (1904), 164 Ind. 21, where it is said: "It is probably true that an action at law for the recovery of money damages, as distinguished from a suit in equity, cannot be maintained jointly against various tort-feasors among whom there is no concert or unity of action and no common design, but whose independent acts unite in their consequences to produce the damage in question. * * * Each separate wrongdoer is chargeable with his own acts alone, in the absence of a joint purpose among the participants."

While the abstract proposition of law as declared in the case just cited is abundantly supported by the authorities, as applied to the facts in this case, it is not applicable. By the averments of each paragraph of the amended complaint, it is shown that these two

railroad companies maintained a joint system of signals to control the operating and running of trains over this crossing. The flagman was their joint servant. Appellant's servants had passed over the crossing to a point north of it, and when they had reached that point the flagman adjusted the signal, which deprived them of the right to make further use of the crossing until another signal should be given, which would signify to appellant's servants that they might again move their train over the crossing. It is specifically charged that with the signal against them appellant's servants backed the train toward the crossing, by reason of which it collided with the passenger train of the Pennsylvania company.

It is contended by counsel for appellant that as the complaint alleges that the Pennsylvania company carelessly and negligently attempted to pass over the crossing while appellant's train was attempting to back over it, without first ascertaining that there was no other train approaching and about to pass over, which backing train of appellant the Pennsylvania company's servants in charge of its train could have seen if they had looked, and thus have avoided the accident, it affirmatively appears that the proximate cause of appellee's injury was the negligent acts of the Pennsylvania company just recited. Counsel argue that such negligent acts of the Pennsylvania company were an independent, intervening cause which extended the consequences of appellant's negligence far beyond any result which might have been reasonably anticipated or foreseen, and hence for such consequences appellant is not liable. From our viewpoint appellant cannot shield itself behind the negligence of the Pennsylvania company, if it was guilty of any acts of negligence which led to the injury, but it must meet and defend against its own negligence. It is apparent that the accident would not have occurred if the Pennsylvania company's train had not

attempted to pass the crossing when the signal was given to it that the way was clear. The signal was as binding upon appellant as it was upon its codefendant. Assuming, therefore, and it is a reasonable assumption in the face of the facts pleaded, that the Pennsylvania company had the right of way, and was entitled to the crossing, it necessarily follows that the negligent backing of appellant's train was the proximate cause of the injury.

In *Cincinnati, etc., R. Co.* v. *Worthington* (1903), 30 Ind. App. 663, 96 Am. St. 355, it was said: "Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause. It is enough for it to be the efficient cause which set in motion the chain of circumstances leading up thereto." Here, as it seems to us, from the facts pleaded, the efficient cause of the injury was the backing of appellant's train.

If it be conceded that the facts pleaded show negligence on the part of both companies, still the complaint would be good as against appellant; for it is the law that a passenger on the train of one railroad company may sue and recover from another railroad company for an injury resulting from a collision at a crossing, caused by the negligent backing of a train of the latter into a car of the former, occupied by the injured party, even though the company that had undertaken to carry him was guilty of negligence. *Pittsburgh, etc., R. Co.* v. *Spencer* (1884), 98 Ind. 186.

If it appears from the facts pleaded that the proximate cause of the accident was the backing of appellant's train against the train of the Pennsylvania company, while it was passing over the crossing, under a signal that it had the right of way, then the complaint is sufficient as against the appellant.

Proximate cause has been defined as "such a cause as operates to produce particular consequences without the

intervention of any independent unforeseen cause without which the injuries would not have occurred." 21 Am. and Eng. Ency. Law (2d ed.), 485. "By 'proximate cause' is intended an act which directly produced, or concurred directly in producing, the injury." *Claypool* v. *Wigmore* (1904), 34 Ind. App. 35. It is plainly evident, under the averments of the complaint, that the act of appellant in backing its train directly produced the injury, and without which the injury would not have occurred. This brings it within the rule defining proximate cause. In the case of *Cleveland, etc., R. Co.* v. *Gray* (1897), 148 Ind. 266, the complaint was, in its essential characteristics, very much like the one before us, and it was held good. We do not refer to it at length, but suggest that it is in point and instructive here. From these considerations we have reached the conclusion that there was no error in overruling the demurrer.

Appellant's motion for a new trial is predicated upon alleged error in giving and refusing to give certain instructions and in overruling its motion for a new trial. Of the many instructions complained of, counsel for appellant have singled out and discussed but few of them, and under the rule it is only necessary for us to consider those to which objections have been made and such objections supported by argument.

The instructions are brought into the record by bill of exceptions. The Pennsylvania company timely tendered to the trial court a series of eight instructions, all of which were given. The bill of exceptions shows that "to the action of the court in giving these instructions" the defendant, Baltimore & Ohio Southwestern Railroad Company, at the time excepted. It appears, therefore, that the exception taken to this series of eight instructions was in gross, and not several. It is the settled rule in this State that exceptions to instructions cannot be taken in gross, but must be taken severally, and

Baltimore, etc., R. Co. v. Kleespies—39 Ind. App. 151.

where the instructions are excepted to as a whole the exception will not be available unless all the instructions were erroneous. *Musgrave* v. *State* (1893), 133 Ind. 297; *Kelly* v. *John* (1895), 13 Ind. App. 579. Of these eight instructions appellant complains only of the fourth and seventh. Under the rule just stated, if either the fourth or seventh instructions is erroneous, the error is not available to appellant, unless all of the series of instructions are erroneous. Without adverting to any of the other instructions, or setting them out, either in abstract or in detail, we are clear that some of them, at least, correctly state the law, and, this being true, we cannot consider those that appellant claims are erroneous.

The appellee tendered, and the court gave, the following instruction: "(4) If you find from the evidence that the Baltimore & Ohio Southwestern Railroad Company carelessly and negligently backed its cars into the passenger-coach of the Pittsburg, Cincinnati, Chichago & St. Louis Railway Company as the same was crossing the intersection of the tracks at Sixth and Broadway streets in the city of Jeffersonville, and you further find that the plaintiff was without fault at the time of the injury complained of, your finding should be against the defendant, Baltimore & Ohio Southwestern Railroad Company, and in favor of the plaintiff." The objections urged to this instruction is that it directed the jury to find a verdict for the appellee, if they believed from the evidence that appellant was guilty of negligence in the single act of backing its cars into the Pennsylvania company's train. It is urged that this instruction in this regard was erroneous, because it gave undue prominence to a single feature in the case, to the exclusion of others. From all the facts disclosed by the record we are very strongly impressed that the sole cause of appellee's injury was the backing of appellant's train against the train of the Pennsylvania company, as it was passing over the crossing. This becomes

more plainly manifest in view of the facts which relate immediately to the collision, and these facts are undisputed. It fairly appears that appellant's train passed over the crossing, and when it stopped the rear end of its rear car was about ten feet from the crossing. The flagman then displayed the white light as an indication to the Pennsylvania company that its train had the right of way, and displayed the red light to appellant company, which indicated that it had no right to the crossing. When the white light was displayed the Pennsylvania company's train started to pass the crossing. Its locomotive, tender, and one passenger-coach passed safely over, the latter being slightly scratched at the rear end by the rear car of appellant's train. The second coach of the Pennsylvania company's train had passed about one-fifth of its length before the impact of the two trains, which produced the injury. It seems to us that these facts conclusively show that appellant was backing its train in the face of the red light against it, and that such backing was the proximate cause of the injury. It follows that if there was error in giving the instruction, it was harmless.

The court, upon its own motion, gave a series of instructions, to the fifth, sixth, and eighth of which appellant complains. The fifth is as follows: "In an action for personal injury contributory negligence is such negligence on the part of the plaintiff as helped to produce the injuries complained of, and if proved by a preponderance of the evidence the plaintiff forfeits the right of recovery. The plaintiff is required to prove by a preponderance of the evidence that the negligence of the defendants, or of either of them, was the proximate cause of his injuries, but the plaintiff is not required to prove his freedom from contributory negligence. Such defense may be proved by the defendants under the general denial, and must be established by a like preponderance of the evidence." Counsel have not pointed out any tenable objection

to this. instruction.   They criticise it because the court stated to the jury that if proved by a preponderance of the evidence that appellee was guilty of contributory negligence he "forfeits the right of recovery."   As to that part of the instruction counsel say: "Up to what point the plaintiff had a right of recovery," and just where his contributory negligence would "forfeit" this right might be made an interesting subject of discussion.   The instruction under consideration correctly states the law upon the question of contributory negligence.   It is also urged that the instruction is objectionable because it told the jury that the appellee was required to prove by a preponderance of the evidence that the negligence of both defendants, or either of them, was the proximate cause of his injuries.   It is suggested in argument that the instruction eliminated the question of proximate cause entirely from the case and made the appellant responsible, if the evidence showed that the Pennsylvania company's negligence was the proximate cause.   We do not so construe the instruction.

The sixth instruction referred to is as follows: "A railroad corporation must exercise ordinary care when approaching a crossing of another railroad, and, when means are not provided by which a collision at a railroad crossing is rendered impossible, the rule to stop, look, and listen is not less imperative on a train approaching such crossing than upon a traveler about to approach a railroad crossing, who must stop, look, and listen for approaching trains before entering upon such crossing."   The objection urged to this instruction is that it told the jury, in substance, that a railroad company, in backing its trains over the crossing of another railroad, is required to observe the same care that a traveler must in crossing a railroad.   As applied to the facts in this case, we do not think the instruction is wrong.   In this case, where the signals given to both companies by their servant gave to the Pennsylvania company the right to pass over

the crossing, it was the duty of appellant, in the face of such signal, to refrain from undertaking to back its train over the crossing while the Pennsylvania company's train was passing, and the degree of care it was required to exercise was not too strongly stated in the instruction.

The eighth instruction informed the jury that if a passenger was injured at a railroad-crossing by the negligent collision of trains, he could recover damages from the company whose train negligently ran into the train upon which he was being carried, although the company carrying the passenger was guilty of negligence, and also that, if the joint negligence of both companies caused the collision, both of them would be liable. This is a correct statement of the law. *Pittsburgh, etc., R. Co.* v. *Spencer* (1884), 98 Ind. 186.

Appellant complained also because the trial court refused to give certain instructions tendered by it. Counsel have not discussed them, but merely say: "To discuss these instructions refused in detail would be merely to state the converse of the argument already made against those given, and could serve no good purpose." Counsel having declined to support these instructions by argument, we are not called upon to consider them.

Upon the merits of the case, under the facts disclosed by the record, counsel for appellant say: "So far as the appellant is concerned, this action has at all times been a bold fraud, thus far successful. All the circumstances, and a great preponderance of the testimony worthy of belief, indicate that the injury complained of was simulated at the time of the occurrence, and that its continuance is feigned." Counsel also say that, if there ever was any injury, the party liable was the Pennsylvania company, "whose passenger he was, yet, during the trial, the appellee never intended to hold that company responsible." In view of the earnest appeal of counsel for a reversal of the judgment, both in their brief and in oral argument,

along the lines just indicated, it is fair for us briefly to consider what they say. Courts of appeal consider and dispose of a case solely upon the record.

As affecting the Pennsylvania company, no question is presented by the record by which the judgment in its favor can be disturbed. The question of its liability, upon the instructions of the court, and under the evidence, was submitted to and determined by the jury. That judgment must stand, because it is not questioned in any manner by the record.

Counsel's contention that the action "is a bold fraud" and that appellee's injury was and is "simulated," is not sustained by the facts disclosed by the record. Appellee was injured January 18, 1904, by having his hip-joint dislocated. It was known in medical parlance as a supra-cotyloid dislocation. Immediately after the injury he was taken to the office of a surgeon for examination and treatment. He walked to the surgeon's office, with the assistance of others. The evidence shows that a person having a supra-cotyloid dislocation can walk, but the effort will be attended by severe pain. The surgeon placed his limb in "plaster strips," and it so remained for three weeks. The limb was then put in flannel bandages, and they were kept on three months. The appellee was confined to his bed for about three weeks. The case was tried in October following the accident, and he testified that his hip still pained him. He was lame, and up to that time had not been able to do any work. The evidence of physicians was to the effect that such a dislocation was "very painful," and two of them gave it as their opinion that appellee's disability was permanent. Under this evidence we are unable to agree with counsel that this action on the part of appellee was a "bold fraud," or that his injury was "simulated," or that "its continuance is feigned."

We cannot disturb the judgment on the evidence. There is nothing in the record to indicate that the jury were influenced by improper considerations, or that they misunderstood or misapplied the evidence, and hence we cannot say that the damages awarded are excessive.

Judgment affirmed.

## ON PETITION FOR REHEARING.

WILEY, J.—Appellant has petitioned for a rehearing upon the ground that exceptions taken by it to a series of instructions tendered by the Pennsylvania company, a defendant below, and given by the court, were in gross, and not separate and several, and in holding that as some of them, at least, were correct statements of the law we could not consider those that appellant claims are erroneous. A several exception to each of such instructions was orally taken, as appears from an order-book entry, and this being true the exception thus reserved is sufficient, under the act of March 9, 1903 (Acts 1903, p. 338, §1, §544a Burns 1905), to present, on appeal, under a motion for a new trial, such instructions. Such order-book entry having been inadvertently overlooked, appellant is entitled to have such instructions considered. The statement in the original opinion that the exception was taken in gross was made from the bill of exceptions embodying the instructions, wherein it appears that the exception was in gross.

The instructions of which appellant complains, of the series given on the motion of the Pennsylvania company, are 7a, 7b, 7d, 7e, and 7g. Instruction seven, which is very lengthy, calls the attention of the jury to several undisputed facts, and then says: "In the light of these undisputed facts, I instruct you as follows: (a) If the Baltimore & Ohio Southwestern Railroad Company's train had passed over the crossing in going north on its tracks, and had gone

a sufficient distance north of the crossing to allow a clearance for the Pennsylvania train in making use of the crossing; if, after said Baltimore & Ohio Southwestern Railroad Company's train had so gone said distance north of the crossing, said John Ledger, for the purpose of allowing the Pennsylvania company's train to pass over the crossing, so adjusted said signal as to display the white light westwardly along the Pennsylvania company's track and the red light northwardly along the Baltimore & Ohio company's track, and thereafter the operatives of said Baltimore & Ohio company's train caused the same to be backed in the direction of the crossing, and to such proximity of said crossing that it was brought in collision with the Pennsylvania company's train while such Pennsylvania company's train was passing over the crossing in compliance with said signal, then I instruct that the Baltimore & Ohio company was not in the exercise of ordinary care, but was guilty of negligence. (b) It will not do to say that the operatives on the Baltimore & Ohio company's train did not see the signal not to cross, if such signal was in fact given. It was the duty of the operatives of the train to know that the signal was not against them before the train was backed to the point of collision, and their failure to know this, if the signal was in fact properly given, would amount to negligence.  *  *  *  (d) Nor will it do to say that the operatives of the Baltimore & Ohio company's train backed the train to the point of collision after seeing the signal not to cross, if they, in fact, saw the same. If they did this after seeing the signal they were guilty of negligence. (e) If you find from the evidence that, after the Baltimore & Ohio company's train had gone to a point of safety north of the crossing, the same was backed to the point of collision, in violation of the signal 'not to cross' given by John Ledger, by displaying the red color against said Baltimore & Ohio company's train from said system, and that as a result of such backing a collision occurred between the

Baltimore & Ohio company's train and the car in which plaintiff was carried, and that as a result of said collision, and without fault on plaintiff's part, plaintiff suffered the injuries described in the complaint, or some of them, then I instruct you that upon the issue joined between plaintiff and the Baltimore & Ohio company your verdict should be for the plaintiff, and this will be true without regard to the question as to whether the Pennsylvania company was guilty of negligence. * * * (g) The fact that the Pennsylvania company's train stopped between Illinois avenue and Broadway, if such be the fact, did not justify the operatives of the Baltimore & Ohio company's train in proceeding to back to the point of collision, in violation of a red-light signal displayed by the signal man, if the same was so backed. The statute of this State made it the duty of the operatives of the Pennsylvania company's train to bring their train to a full stop before passing over the crossing, and the making of the statutory stop would not justify the operatives of the Baltimore & Ohio company's train in concluding that the Pennsylvania company's train would remain standing while they were making use of the crossing with the Baltimore & Ohio company's train, in violation of a red-light signal forbidding them to do so."

Those portions of the instruction designated "a" and "b" are objected to because they told the jury that the backing of appellant's train against the signal was, as a matter of law, negligence, and that this was an invasion of the province of the jury. The court simply told the jury that if certain designated facts existed, and were established by the evidence, such facts would constitute negligence. Negligence is oftentimes a mixed question of law and fact. It was the province of the jury to determine the facts, and the court left that question to them, and simply said that if they found such facts to exist, they would constitute negligence. We do not think this was an invasion of the province of the jury, and taking the

instruction as a whole, and in connection with other instructions, it was a correct declaration of the law. That part of the instruction designated "d" is not discussed, and is therefore waived.

The objection to that part designated "e" is that it selected an isolated fact, to wit, that of the signal's being against appellant, and told the jury that if they found such fact to exist their verdict should be for the appellee. Construing this part of the instruction in connection with all of it, we do not think it erroneous.

Counsel say that the objections urged to the other parts of the instruction are applicable to that part designated "g;" and they further object "because, in giving it, the court undertook to charge, as a matter of law, the legal effect of certain acts which should have been left to the determination of the jury upon a consideration of all the evidence and circumstances in the case." We do not think the instruction is subject to the objections urged.

The petition for a rehearing is overruled.