## KEMERY *v.* ZEIGLER.

[No. 22,820.   Filed October 8, 1915.   Rehearing denied December 17, 1915.]

1.  APPEAL.—*Assignment of Errors.—Waiver.*—An assignment of error is waived by the failure to raise any question in appellant's brief in relation thereto. p. 146.
2.  APPEAL.—*Review.—Issues.—Instructions.*—In an action brought on the theory that the execution of a quitclaim deed had been procured through fraud perpetrated on plaintiff, by which she was led to believe that she was executing a receipt; an instruction informing the jury that a prior warranty deed to the land, which plaintiff had acquired in virtue of a previous marriage, executed to defendant by plaintiff during her second coverture was void, but that on thereafter being divorced she could convey the land to defendant or anybody else for such consideration as to her might seem sufficient, or if she chose to do so without any consideration whatever, and that if she executed the quitclaim deed knowingly and voluntarily the finding should be for defendant, was not open to the objection that it authorized a verdict for defendant if the jury found that plaintiff had by the quitclaim deed undertaken to ratify or confirm the prior warranty deed, and especially when considered with another instruction stating that the quitclaim deed was void if executed without any consideration for the purpose of ratifying and confirming such warranty deed. p. 147.
3.  APPEAL.—*Review.—Issues.—Instructions.*—Where plaintiff's action was on the theory that defendant had fraudulently procured a quitclaim deed from her by causing her to believe that she was executing a receipt for money paid as damages, the court did not err in giving an instruction to the effect that if it was found that plaintiff voluntarily and knowingly executed the deed and received five dollars consideration therefor, and retained the consideration, she could not be heard to say that she did not know the character of the instrument she was signing, etc. p. 148.
4.  APPEAL. — *Review. — Issues. — Instructions.* — Where plaintiff founded her action on the theory that through fraud perpetrated on her by defendant through a third person she was caused to ex-

cute a quitclaim deed to defendant in the belief that she was executing a receipt for damage to her crops by defendant's cattle, an instruction stating that the deed was assailed by plaintiff solely on the ground that its execution was procured by the fraud of such third person in securing her signature thereto at a time when she had been induced by such third person to believe that she was executing a receipt, etc., and that unless it was established by a preponderance of the evidence that plaintiff did execute such deed under the belief that it was a receipt she could not recover, was not objectionable as limiting the charge of fraud to the alleged conduct of such third person, and it stated the real issue as disclosed by the record. p. 150.

5. APPEAL.—*Theory.*—*Departure.*—Parties on appeal can not depart from the theory given to the complaint in the court below. p. 151.

6. WITNESSES.—*Credibility.*—*Instructions.*—An instruction that in determining the credibility of witnesses and the weight to be given to the testimony of each the jurors could take into consideration their knowledge and experience among men, and were not required. to believe the statement of any witness as to any fact, however positively sworn to, if under all the facts and circumstances shown by the evidence bearing thereon and weighed in the light of their experience and knowledge among men they believed such statement to be untrue, was not objectionable as singling out appellant, but applied to all witnesses alike who had testified in the case. p. 151.

7. WITNESSES.—*Credibility.*—*Rights of Jurors.*—In determining the truthfulness of the testimony of a witness jurors may make use of their knowledge of the affairs of life and their experience among men, and may disregard the testimony of a witness which is contrary to the laws of nature, or any other fixed law, of which they have knowledge. p. 152.

8. APPEAL.—*Review.*—*Refusal of Instructions.*—An instruction stating that the deed involved was intended to be a deed of ratification and confirmation of a prior void deed, and that it was for that reason also void, etc., invaded the province of the jury and was properly refused. p. 152.

9. APPEAL.—*Review.*—*Verdict.*—*Conclusiveness.*—A verdict against plaintiff in an action grounded on alleged fraud in procuring from her the execution of a quitclaim deed in the belief that she was executing a receipt, can not be disturbed as not supported by the evidence or as being contrary to law, where the jury specially found that plaintiff was in full possession of her faculties, that she knowingly executed the deed for a named consideration which was paid to her, and that she was not deceived. p. 152.

From Steuben Circuit Court; *Frank M. Powers,* Judge.

Action by Myrtilla Kemery against Eunice Zeigler. From a judgment for defendant, the plaintiff appeals. (Transferred from the. Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

P. V. *Hoffman,* D. D. *Moody,* Brown & *Carlin* and Best & *Yotter,* for appellant.

J. W. *Baxter,* J. E. *Pomeroy,* E. A. *Brattan,* Leonard, Rose & *Zollars* and Bracken & *Hackenlively,* for appellee.

ERWIN, J.—This is the second appeal in this case. *Kemery* v. *Zeigler* (1912), 176 Ind. 660, 96 N. E. 950. The first appeal was from a judgment of the trial court sustaining a demurrer to the complaint, and was reversed by this court, holding the complaint. sufficient. This was an action by appellant to quiet title to certain real estate and for ejectment. Trial by jury and verdict and judgment for appellee. In this court appellant has assigned as error, (1) overruling appellant's motion for judgment on the answers of the jury to interrogatories, (2) overruling appellant's motion for a new trial. The first assignment is waived by the failure of appellant to raise any question in her brief in relation thereto. In the motion for a new trial thirteen reasons are assigned, to wit, the verdict is not

1. sustained by sufficient evidence; the verdict is contrary to law; error in refusing to give appellant's instruction No. 9, and in giving each of appellee's instructions Nos. 4, 7, 9, 10, 12, 13, 15, 16, 17 and 20. Instructions Nos. 4, 9, 15 and 20 given by the court at request of appellee are specifically questioned by appellant and its refusing to give instruction No. 9 tendered by appellant is also claimed to be error.

The complaint in this case proceeds upon the

theory that appellant was defrauded and a quit-
claim deed procured from her by the connivance of
appellee's brother in a transaction wherein appel-
lant and one Lockwood, brother of appellee, were
making settlement for damages done by cattle of ap-
pellee to appellant's growing crops, and that at the
time she signed the deed to the real estate in ques-
tion she, appellant, supposed she was signing a re-
ceipt for money paid her in settlement of the dam-
age to her crops.    See, *Kemery* v. *Zeigler, supra.*
    Instruction No. 4 given at the request of appellee
is as follows: "The land described in the complaint,
having been acquired by the plaintiff as
the widow of her deceased husband, Henry
Probst, she was prohibited by statute so long
as she remained the wife of Mr. Knepper from con-
veying the land; but this prohibition continued only
during the existence of such marriage.    When she
became divorced from Mr. Knepper then she had full
right and authority to convey the real estate to the
defendant or anybody else for such consideration as
to her might seem sufficient, or if she chose to do so,
without any consideration whatever, and her deed
of conveyance if so executed would pass a good and
indefeasible title to the land.    If, in this case, you
find from the evidence that the plaintiff, after she
was divorced from Mr. Knepper, and at a time when
she was unmarried, executed the quitclaim deed
which was read in evidence; that she executed the
same knowingly and voluntarily for the purpose of
conveying or confirming the title of the land therein
described to Mrs. Zeigler, then it 'would be your
duty to find for the defendant and this would be
true although said deed may have been executed for
a nominal consideration only."    It is insisted by ap-
pellant that this instruction authorized a verdict for
appellee if the jury found that appellant had by the

quitclaim deed undertaken to ratify or confirm the prior warranty deed. We are of the opinion that this is not the tenor or effect of the instruction, but on the other hand the court by this instruction informs the jury that the warranty deed made during the second marriage was absolutely void. In addition to telling the jury that the deed was void the court said by the instruction that when she, appellant, "became divorced she had the full right and authority to convey the real estate to the defendant or anybody else for such consideration as to her might seem sufficient, or if she chose to do so without any consideration whatever"; and said further that if the jury found she executed the deed knowingly and voluntarily, that it would be the duty of the jury to find for the defendant. Instruction No. 8 tendered by appellant and given informed the jury that the warranty deed was void and that if the "quitclaim deed was executed without any consideration, for the purpose of confirming and ratifying the void warranty deed then such quitclaim deed is void * * * in order to uphold the quitclaim deed you must find that it was a new and independent deed executed for the purpose of conveying title to said lands, without reference to said warranty deed as a part of it or as a ratification or confirmation of said void deed." This instruction being given in connection with instruction No. 4 the jury could not have been misled by any statement in the instruction which might have been obscure or not fully elucidated. Instructions Nos. 4 and 8 constitute a full and correct statement of the law upon that branch of the case.

Instruction No. 9 complained of by appellant reads as follows: "If you find from the evidence

3. that at the time of the execution of the quitclaim deed introduced in evidence purport-

ing to have been executed by the plaintiff on September 20, 1898, the plaintiff accompanied one Philo J. Lockwood, who was then and there acting for the defendant, to the office of one Phillip Noel, a justice of the peace, in and for said county, and the said Philo Lockwood then and there in the presence and hearing of the said plaintiff stated to said justice that he had brought the plaintiff, Mrs. Kemery, there to sign and acknowledge a deed and wanted him to take an acknowledgement thereof, and that the plaintiff did thereupon under the direction of said justice of the peace knowingly and voluntarily sign said deed and acknowledge the same and deliver or permit the same to be delivered to said Philo J. Lockwood for the defendant, and that the plaintiff then and there received from said Lockwood the sum of five dollars in consideration for the execution of said deed and has ever since retained said consideration, the plaintiff will not now be heard to say that she did not know the character and contents or nature of the instrument executed there, unless you should further find that she was prevented from reading the same or having some other party read the same to her or acquaint her with the contents because of some act or omission of the said Philo J. Lockwood." This instruction is to the effect that if the jury finds that appellant at the office of the justice of the peace voluntarily executed the deed and received the five dollars consideration therefor, knowing at the time what she was doing and still retains the consideration she received at the time, she could not now be heard to say that she did not know the character of the instrument she was signing unless she was prevented from discovering its contents by reason of some act or omission on the part of Lockwood who procured the deed. The whole instruction is based upon the fact, that if she

executed the deed of conveyance knowing it to be such, there was no room for recovery.

Instruction No. 15 reads as follows: "The quit-claim deed dated September 20, 1898, is assailed by the plaintiff solely upon the ground that the 4. execution thereof was procured from her by fraud on the part of Mr. Lockwood in securing her signature to said deed at a time when she had been induced by said Lockwood to believe that she was executing a receipt for the fifteen dollars agreed upon to be paid to her for damages done her crops by the cattle of the defendant. The execution of said deed is not attacked upon any other ground and unless it has been established by a preponderance of the evidence that the plaintiff did execute such deed under the belief induced by the misrepresentations of said Lockwood that the said deed was a receipt for said fifteen dollars, you would not be authorized in finding for the plaintiff." The criticism of this instruction is that it limits the charge of fraud to the alleged conduct of Lockwood in securing appellant's signature to the deed at a time when she was led to believe that the paper she was signing was a receipt for $15 to be paid to her for damages to her crops. We are of the opinion that this instruction states the real issue in the case. The trial seems to have proceeded upon that theory alone and was so understood by all the parties and the court. This is borne out by instruction No. 2 tendered by appellant and given by the court and which is as follows: "The said warranty deed being void, the plaintiff was on said 20th day of September, 1898, as much the owner of the lands attempted to be conveyed by it, as if she had never executed such void deed; and inasmuch as she was then divorced from her said husband, George N. Knepper, and was a single woman, she was free to sell said land to the

defendant or give it to her, and if she did execute said quitclaim deed to the defendant with knowledge that she was executing such deed, then such deed is valid; but if she executed such deed without knowing she was executing it, and under the belief that she was executing a release for damage to her crops caused by defendant's cattle, then such deed is void." No other theory was advanced during the progress of the trial, nor in instructions tendered by either party. Parties will not be permitted to depart from the theory given to the complaint in the court below. *Crabb* v. *Orth* (1892), 133 Ind. 11, 12, 32 N. E. 711; *Pillars* v. *McConnell* (1895), 141 Ind. 670, 40 N. E. 689; *Jones* v. *Cullen* (1895), 142 Ind. 335, 341, 40 N. E. 124, citing *Batman* v. *Snoddy* (1892), 132 Ind. 480, 32 N. E. 327; *Monnett* v. *Turpie* (1892), 132 Ind. 482, 484, 485, 32 N. E. 328, and cases cited; Elliott, App. Proc. §§489, 490; *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 644, 83 N. E. 246, and cases cited.

Appellant insists that instruction No. 20 tendered by appellee was erroneous. This instruction is as follows: "In determining the credibility of witnesses and the weight to be given to the testimony of each you have a right to take into consideration your experience and knowledge among men, and you are not required to believe the statement of any witness as to any fact, however positively sworn to, if under all the facts and circumstances in the case shown by the evidence bearing thereon and weighed in the light of your experience and knowledge among men you believe such statement to be untrue." This instruction is assailed by appellant on the theory that it singles out appellant and applies to her and her testimony alone. We do not think this instruction open to that criticism but it applies to all witnesses who had

·testified in the case.   A juror has the right to
7.   make use of his knowledge of the affairs of
life and his experience among men in deter-
mining the truthfulness of a witness's testimony and
has a right to disregard the testimony of a witness
which is contrary to the laws of nature, or any other
fixed law, of which jurors as men have knowledge.
*Wabash R. Co.* v. *McDoniels* (1915), 183 Ind. 104,
107 N. E. 291.

Appellant further claims that the court erred in
refusing to give instruction No. 9 tendered by her.
This instruction reads as follows:  "The quit-
8.   claim deed upon its face purports to be for
the nominal consideration of one dollar, and
to be given for the purpose of perfecting the title
attempted to be conveyed by the void warranty
deed, it is not, therefore, an independent and new
deed, but intended to be a deed of ratification and
confirmation of said void deed and said quitclaim
deed is, therefore, also void and it is your duty to so
find."   This instruction was properly refused.   To
have given it would have been an invasion of the
province of the jury, whose right and duty it was to
determine whether the deed in question was given
for a new consideration, or whether it was an attempt
to ratify the void warranty deed.   Even if this in-
struction was authorized under the rule that it is
the duty of the court to construe all written con-
tracts, yet we are of the opinion that the court prop-
erly refused the instruction for the reason that the
deed is sufficient to convey title to the land in ques-
tion without reference to any other deed.

It is finally insisted that the verdict of the jury is
not sustained by sufficient evidence and is contrary
to law..   This case was submitted to the jury
9.   and its general verdict was against the conten-
tion of appellant and was a finding that her

charge of fraud was not established by the facts in the case.  In addition to the general verdict the jury found specially, in answer to certain interrogatories, submitted by the court, that appellant was not deceived by Lockwood at the time she signed the quitclaim deed to the land in question as will be shown by the following:  "Q.  Did plaintiff sign and acknowledge the said quitclaim deed without reading it, or having it read to her, because she relied upon said Lockwood to prepare for her such an instrument as he desired to show she had received pay for the damages to her crops by defendant's cattle?  A.  No.  Q.  Did she sign and acknowledge such deed, under the belief that it was such a paper as said Lockwood desired to show that she had received pay for damages to her crops by defendant's cattle?  A.  No.  Q.  At the time of settlement and the execution of said deed did said Lockwood, or defendant, pay any consideration for said deed?  A. Yes.  Q.  Did said Lockwood procure said quitclaim deed from plaintiff without her knowledge that she was in any way dealing in reference to the lands conveyed in said warranty deed?  A.  No.  Q. Was plaintiff's mind, at the time she executed said quitclaim deed, wholly engaged in the matter of settling said damages to her crops by defendant's cattle, so that she was unconscious of the fact that she was dealing with said Lockwood in reference to any other business transaction?  A.  No."

No error having been presented the judgment is affirmed.

NOTE.—Reported in 109 N. E. 774.  See, also, under (1) 3 C. J. 1410; 2 Cyc 1014; (2) 38 Cyc 1778; (3) 34 Cyc 1071, 1106; (4) 34 Cyc 1106; (5) 3 C. J. 718; 2 Cyc 670; (6) 38 Cyc 1761; (7) 38 Cyc 1838; (8) 38 Cyc 1657; (9) 3 Cyc 348.