# LAKE ERIE & WESTERN RAILROAD COMPANY *v.* McCONKEY.

### [No. 9,074.   Filed June 21, 1916.]

1.   APPEAL.—*Briefs.—Assignment of Errors.—Waiver of Errors.*— Such of the assigned errors as are not presented by the appellant's brief will be deemed to have been waived.   p. 449.

2.   NEW TRIAL.—*Motion for New Trial.—Time for Filing.—Statute.* —Under the statute (§587 Burns 1914, Acts 1913 p. 848) an application for a new trial must be filed within thirty days from the time when the verdict or decision is rendered, and no question of error as to the overruling of the application is presented where it was filed more than thirty days after the rendition of the verdict. p. 449.

3.   APPEAL.—*Motion for Judgment on Interrogatories.—General Verdict.—Presumption.*—In determining whether error was committed in overruling the motion for judgment on the answers to interrogatories, the court will assume in favor of the general verdict that every supposable fact legally admissible under the issues was proven in support of such verdict.   p. 450.

4.   TRIAL.—*Verdict.—Effect of.*—Where, in an action for damages, the issue was presented by the filing of an affirmative answer to which there was a reply of general denial, the general verdict for the plaintiff is a finding in favor of the averments of the complaint and against those of the affirmative answer that are in conflict with the former.   p. 452.

5.   TRIAL.—*General Verdict.—Answer to Interrogatories.*—It is the duty of the court to reconcile the answers to special interrogatories

with the general verdict if possible, and the court should consider all of the interrogatories and answers together, in connection with any and all facts favorable to the general verdict that might have been legally proven under the issues, and if, when so considered, there is a reasonable possibility of reconciliation between such answers and the general verdict, the latter must stand. p. 453.

6. CARRIERS.—*Actions for ' Injuries.*—*Answers to Interrogatories.*— *General Verdict.*—*Consistency.*—In an action for damages for personal injuries alleged to have been due to the defendant company's negligence in permitting a freight truck to be left on the platform of its passenger station in such a position as to fall or roll against plaintiff, who was waiting to board a train, the jury answered interrogatories to the effect that the plaintiff was injured in the place and manner alleged; that the presence of the truck on the platform was dangerous; that at the time of the injury a person waiting to take passage on a train was leaning against or climbing upon the truck without defendant's knowledge; and that the immediate and proximate cause of plaintiff's injury was the act of such other person in getting upon the truck, thus causing it to fall or roll against the plaintiff. *Held*, that such answers are not necessarily contradictory or inconsistent with the general verdict. p. 454.

7. NEGLIGENCE.—*Concurrent Negligence.*—*Liability.*—It is no defense to an action for a negligent injury that the negligence of a third person contributed to cause the injury, if the negligence of the defendant was the efficient cause, as the fact that some other cause operates concurrently with his negligence in the production of the injury does not relieve the defendant from liability. p. 455.

8. TRIAL.—*Form of Interrogatories.*—*Conclusion.*—In an action against a carrier for injury caused by plaintiff being struck by a freight truck, and an interrogatory requiring the jury to answer as to whether the act of another person in climbing upon a truck, causing it to fall against the plaintiff "was the immediate and proximate cause of the plaintiff's injury" was improper, since it calls for an answer involving the legal definition of the term "proximate cause", and hence calls for a conclusion. p. 456.

From Henry Circuit Court; *Ed Jackson*, Judge.

Action by Minnie McConkey against the Lake Erie and Western Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John B. Cockrum, W. G. Butler, Bundy & Jones* and *John L. Rupe,* for appellant.

*Forkner & Forkner,* for appellee.

HOTTEL, P. J.—This is an appeal from a judgment for appellee for $1,000, in a suit brought by her to recover damages for injuries alleged to have been caused by appellant negligently permitting one of its freight trucks to be left on its platform in such position and at a place where it rolled out and struck appellee, when she was on such platform to take passage on one of appellant's trains. Five errors are assigned in this court, but as only two of them are presented by appellant's brief, the others will be deemed waived. *Kemery* v. *Zeigler* (1915), 184 Ind. 144, 109 N. E. 774; *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218, and cases cited. The errors presented are those which challenge the action of the trial court in overruling appellant's motion for judgment on the answers to interrogatories, and its motion for new trial. The verdict on which the judgment appealed from rests was returned May 20, 1914. The motion for a new trial was not filed until July 1, 1914, and more than thirty days after the verdict was rendered. Section 587 Burns 1914, Acts 1913 p. 848, provides: "The application for a new trial may be made at any time within thirty (30) days from the time when the verdict or decision is rendered * * * and not afterwards." In construing this provision of the statute, the Supreme Court in the case of *Talbot* v. *Meyer* (1915), 83 Ind. 585, 109 N. E. 841, 842, said: "This act positively fixes the time for the filing of a motion for a new trial within thirty (30) days from the rendition of the verdict, and emphatically declares that it shall not be filed afterwards." See also *Acme White Lead, etc., Works* v. *Indiana Wagon Co.* (1916), 61 Ind. App. 644, 112 N. E. 392.

The only question remaining is the ruling on appellant's motion for judgment on the answers to interrogatories. Such interrogatories and answers are as follows: "1. Was the plaintiff's injury for which she sues in this cause caused by her being struck by a truck on the platform of defendant's station, at Cambridge City, Indiana, June 30, 1912? Answer. Yes."

"2. Was there at the time the truck fell and struck plaintiff's leg a man by name of Shook climbing upon or sitting or leaning with his whole body upon the truck? Answer. Yes.'

"3. Was the man Shook on the truck a man waiting to take passage on same train with plaintiff? Answer. Yes."

"4. Was the man upon the truck an employe or in any relation with the defendant except that he was waiting as a passenger to take passage on the train? Answer. No."

"5. Did any employe of defendant give any direction to the man Shook to get upon the truck or have any knowledge of his being upon it prior to the accident? Answer. No."

"6. Would the presence or position of the truck have constituted any danger on the platform but for the act of Shook in climbing upon it? Answer. Yes."

"7. Was the immediate and proximate cause of the plaintiff's injury the act of the man Shook getting upon the truck, causing it to fall and with the weight of his body roll against the plaintiff's leg? Answer. Yes."

In determining whether error was committed by the trial court in overruling the motion for judgment on these answers, this court will assume in favor of the general verdict that every supposable fact legally admissible under the issues was proven in support of such verdict.

*Meyers* v. *Winona, etc., R. Co.* (1914), 58 Ind. App. 516, 106 N. E. 377; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652. That we may know what might have been proven, we must look to the issues tendered by the pleadings. The averments of the amended complaint on which the cause was tried, affecting the questions presented by such answers to interrogatories, show that appellee had purchased a ticket entitling her to passage on one of appellant's trains, and hence had created between herself and appellant the relation of carrier and passenger; that after purchasing her ticket she started from the ticket office to the proper place to take her train; that she traveled the usual and ordinary course in going to the train and while so doing, and just after walking out of the door on the platform, "she was struck by a freight truck which was carelessly and negligently permitted by the servants and employes of appellant to stand against the wall, immediately east of the door of the waiting room, which then and there rolled out from said wall against appellee" and injured her; that such truck "was used in wheeling and transporting freight on the platform in that part of the station used for freight purposes"; that some time prior to the time appellee walked out of the door of the waiting room the servants and agents of appellant had carelessly and negligently leaned such truck against the side of the station, just east of the door in such a way that the same would be liable to roll out upon the platform and strike a passenger walking thereon, "and this plaintiff expressly charges that *said defendant company was negligent in placing said freight truck upon said platform in the manner aforesaid, and that the placing of said truck as aforesaid was the proximate cause of this plaintiff's said injuries.*"

In addition to a general denial, appellant filed. an affirmative answer in which it admits its corporate existence, its business, etc., and avers in substance that it had a small ordinary baggage truck of standard make, describing it in detail, which was being used in the regular business of the company on said day; that the agent of the company using such truck leaned it against the depot building in a careful manner, and so that it would constitute no danger whatever to passengers or any one on the platform; that while it was so standing or leaning against the building a Mr. Shook, who was forty-seven years of age and a wholly responsible agent, not in the employ of appellant, was upon the depot platform of his own volition as an idler, having no business or relation whatever with appellant; that the agents of appellant had no knowledge of Shook's presence; that Shook, of his own volition, without any direction of any agent of appellant, and without the knowledge of such agent, but simply as a meddler, climbed upon the truck as it leaned against the building, with his feet resting upon the iron guard at the end thereof next to the floor of the platform and just above the wheels, and leaned his body back against the truck, and while so situated, by motion of his body, caused the truck to slip and the wheels thereof to move forward, and caused the truck with the weight of his body thereon to strike appellee as described in the complaint; that the injury occurred wholly as stated herein and not otherwise. To this affirmative answer there was a reply in general denial. The verdict is a finding in favor of the averments of the complaint and against those of the affirmative answer that are in conflict with the former.

Appellant's contention that judgment should have been rendered on said answers to interroga-

tories is based mainly on the answer to interrogatory No. 7. It is insisted in effect that this answer shows that the immediate and proximate cause of appellee's injury was the act of Shook, and that appellant's act, even if negligent, only created a condition; that an intervening responsible agent broke the line of causation between such condition and appellee's injury. As applicable to this contention this court in the case of *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 403, 404, 97 N. E. 822, 827, said: "If the agency intervening was one over which the original tort feasor had no control, and which was not put in motion by the original wrongful act; and if the character of the intervening agent, and the manner of the intervention, were such as, under the circumstances, could not reasonably have been expected to occur in the ordinary course of nature and according to common experience, then such independent agency so intervening will be treated as the sole proximate cause, and the original wrongful act will be treated as only a condition."

If by interrogatory No. 7 it was desired to foreclose and conclusively settle the question of the sole cause of appellee's injury, the propounder thereof was unfortunate in the selection of the language employed for such purpose. If the jury had in fact been asked if it found that Shook's act was the *sole* cause of appellee's injury, and in response had answered, "Yes", a very different question would have been presented for our consideration from that which is now presented by the record. As above indicated, it is the duty of the court to reconcile such answers with the general verdict if possible, and to such end the court should not single out a particular interrogatory and answer, **and consider** it separate and apart

from the others, but should consider all of the interrogatories and answers together, in connection with any and all facts favorable to the general verdict that might have been legally proven under the issues, and if, when so considered, there is a reasonable possibility of reconciliation between such answers and the general verdict, the latter must stand. Applying this test to the interrogatories and answers, *supra*, it seems to us there is little ground for appellant's contention that the general verdict must fall before them. There is no finding by the jury that Shook caused the truck to fall, or that such acts were the *sole* proximate cause of appellee's injury; and, in any event, appellant might have reasonably foreseen and anticipated that its truck, left in the position it was, would be, or by the unintentional movement or act of some third person, might become a menace to the life and limb of passengers on its platform. By answer to interrogatory No. 6, the jury expressly finds that the presence or position of the truck on the platform constituted a danger independent of the act of Shook in climbing on it, and the general verdict is a finding that appellant was guilty of the negligent act charged in the complaint and that such act was an original proximate cause of appellee's injury. The answer to No. 7, when read in the light of such other answer and facts is no more than a finding that Shook's act was also a cause, proximate in character, and immediate in point of time, which concurred with the original cause in producing appellee's injury; that the injury was the result of a combination of said causes concurring at the time of the injury, each operating to produce it, and without either it would not have resulted. Such being the possible effect of said

answers, they are not necessarily contradictory to, or inconsistent with, the general verdict.

"It is no defense in an action for a negligent injury, that the negligence of a third person, or an inevitable accident, or an inanimate thing, 7. contributed to cause the injury of the plaintiff, if the negligence of the defendant was an efficient cause of the injury. * * * In such cases, the fact that some other cause operates with the negligence of the defendant in producing the injury, does not relieve the defendant from liability. * * * His original wrong, concurring with some other cause and both operating proximately, at the same time in the production of the injury, he is liable to respond in damages whether the other cause was a guilty or innocent one. In cases of this character the negligence of two independent persons may concurrently result in injury to a third, in which event the injured party may maintain his action against either or both of the negligent parties." 16 Am. and Eng. Ency. Law 440-443; *Louisville, etc., Ferry Co.* v. *Nolan* (1893), 135 Ind. 60, 67, 34 N. E. 710. See, also, *Belt Railroad, etc., Co.* v. *McClain* (1914), 58 Ind. App. 171, 106 N. E. 742; *Indianapolis, etc., R. Co.* v. *Waddington* (1907), 169 Ind. 448, 463, 82 N. E. 1030; *Baltimore, etc., R. Co.* v. *Kleespies* (1906), 39 Ind. App. 151, 164, 76 N. E. 1015, 78 N. E. 252; *Anderson* v. *Evansville, etc., Ass'n* (1911), 49 Ind. App. 403, 97 N. E. 445; 3, 8 Thompson, Negligence (2d ed.) §2779. Under these authorities, appellant was not relieved from liability herein by reason of Shook's act, though it concurred with appellant's negligence in producing the injuries for which the action herein was brought, and the judgment appealed from rendered.

By our disposition, *supra*, of the question presented by the ruling on appellant's said motion for

judgment, while we have assumed and treated inter-
rogatory No. 7 as though it were a proper
8.   interrogatory, we have not thereby intend-
ed to hold that it was proper in fact.   It is
insisted by appellee that the interrogatory is im-
proper because it calls for. a legal conclusion.   It is
true that an answer to such interrogatory ᵒto be
correct and proper, within the meaning of the law,
would involve the knowledge and application of the
legal definition of proximate cause, and hence in-
volves a legal conclusion.   *Dodge Mfg. Co.* v.
*Kronewitter* (1914), 57 Ind. App. 190, 199-200, 104
N. E. 99; *Terre Haute, etc., Traction Co.* v. *Hunter*
(1916), 62 Ind. App. 399, 111 N. E. 344, 350; *Southern
R. Co.* v. *Utz* (1912), 52 Ind. App. 270, 275-277, 98
N. E. 375.

No reversible error being shown the judgment
below is affirmed.

NOTE.—Reported in 113 N. E. 24.   Effect of concurring negligence
of a third person upon the liability of one sued for negligently causing
injury, 17 L. R. A. 33; 29 Cyc 497.   Duties of railroad companies
as to stations, platforms and approaches, 29 Am. St. 55.   See under
(6) 38 Cyc 1927, 1930.